# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| PG PUBLISHING CO., INC. )<br>d/b/a PITTSBURGH POST-GAZETTE )<br>)<br>Petitioner/Cross-Respondent )<br>)<br>v. )<br>)<br>NATIONAL LABOR RELATIONS BOARD )<br>)<br>Respondent/Cross-Petitioner )<br>)<br>and )<br>)<br>NEWSPAPER GUILD OF PITTSBURGH/ )<br>CWA LOCAL 38061 )<br>)<br>Intervenor ) | Nos. 24-2788<br>       24-3057<br><br>Board Case Nos.<br>06-CA-248017<br>06-CA-263791<br>06-CA-269346 |

### OPPOSITION OF THE NATIONAL LABOR RELATIONS BOARD TO PG PUBLISHING'S MOTION FOR CLARIFICATION OF ORDER GRANTING INJUNCTIVE RELIEF IN PART

To the Honorable, the Judges of the United States
  Court of Appeals for the Third Circuit:

The National Labor Relations Board, by its Deputy Associate General Counsel, respectfully opposes the motion of PG Publishing Co., Inc. d/b/a Pittsburgh-Post Gazette ("the Company") for clarification of the Court's Order granting injunctive relief. As explained below, the "clarification" that the Company proposes would undermine the letter and spirit of the Court's injunction, without any demonstrated need.

1. On March 24, 2025, the Court granted in part the Board's motion for temporary injunctive relief under Section 10(e) of the National Labor Relations Act. 29 U.S.C. § 160(e). The Court's Order, in relevant part, requires that the Company, "[o]n request by the Union, rescind the changes in the terms and conditions of employment related to health insurance for its unit employees that were unilaterally implemented on or about July 27, 2020." Order Granting Injunctive Relief, p. 3 ¶ (c).

2. The unambiguous language of the Court's Order, and the Company's statement that it "will, of course, comply with the Court's Order" (Mot. p. 2), should end the matter. Instead, the Company seeks to undo the quoted portion of the Court's order, under the guise of seeking "clarification that the Court's Order allows the Company to continue the existing plan coverage for employees while negotiating for a replacement plan with the Guild." (Mot. p. 2.)

3. While the Board expects the Company to continue the existing health insurance plan coverage until it fully complies with the Court's Order, there is no "replacement plan" to negotiate over. Rather, restoration of the status quo, upon the Union's request, requires the Company to reinstitute the Western Pennsylvania Teamsters and Employers Welfare Fund that was in place under the parties' expired collective-bargaining agreement, until the Company unlawfully unilaterally implemented an entirely new plan on or about July 27, 2020.

Moreover, there is nothing unusual about the Court's Order. *See*, for example, *Ahearn v. Remington Lodging and Hospitality*, 842 F. Supp 1186, 1207 (9th Cir. 2012) (order of injunctive relief requiring employer to, at the union's request, rescind institution of a new medical insurance plan and reinstate the medical insurance plan provided for in the expired collective-bargaining agreement). And restoration of the former plan, as ordered by the Court, encompasses the exact relief that subsequent court enforcement of the Board's order would impose.

    4.    The Company's reliance (Mot. p. 2) on *Clear Pine Mouldings, Inc.*, 238 NLRB 69 (1978), *enforced*, 632 F.2d 721 (9th Cir. 1980), to suggest that the Court should impose only a limited obligation on the Company, to bargain over the "effects" of the unlawfully implemented healthcare plan, is misplaced. In *Clear Pine Mouldings*, unlike here, the Board found that the employer lawfully ceased making payments to pension and welfare funds that would not accept contributions at the agreed-upon rate specified in the expired contract. *Id*. at 79-80. The Board found, however, that the employer acted unlawfully by unilaterally implementing an altogether new health insurance plan without consulting with the union. *Id*. at 80. Given that the pre-existing health care plan was no longer a viable option, the Board then ordered, as a remedy, that the employer make whole any employee who suffered any monetary loss by reason of the fact that the substituted health plan may have in some manner provided for lesser benefits than the prior plan would

have paid. *Id*. at 81. The Board further ordered the employer to consult with the union before making unilateral changes to employees' health benefits in the future. *Id*. Contrary to the Company's suggestion, there is no basis for ordering the same remedy as an interim measure in the present case.

Finally, there is also no evidence that reinstituting the pre-existing healthcare plan (the Fund) would be an impossibility. Indeed, for years after the collective-bargaining agreement expired—and until the Company's unlawful unilateral action in 2020—it continued to provide unit employees with health insurance through the Fund. Accordingly, there is nothing inappropriate or impractical about the Court's March 24 Order requiring the Company to rescind its unilateral changes to employees' health insurance upon request by the Union.

WHEREFORE, the Board respectfully requests that the Court deny the Company's motion for clarification of the Court's Order.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 4th day of April 2025

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| PG PUBLISHING CO., INC. <br> d/b/a PITTSBURGH POST-GAZETTE | ) <br> ) <br> ) | Nos. 24-2788 <br> 24-3057 |
| Petitioner/Cross-Respondent | ) <br> ) | Board Case Nos. |
| v. | ) <br> ) | 06-CA-248017 <br> 06-CA-263791 |
| NATIONAL LABOR RELATIONS BOARD | ) <br> ) | 06-CA-269346 |
| Respondent/Cross-Petitioner | ) <br> ) | |
| and | ) <br> ) | |
| NEWSPAPER GUILD OF PITTSBURGH/ <br> CWA LOCAL 38061 | ) <br> ) <br> ) | |
| Intervenor | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), the Board certifies that the foregoing document contains 817 words of proportionally-spaced, 14-point type, and the word processing system used was Microsoft Word 365.

                                              /s/ Ruth E. Burdick  
                                              Ruth E. Burdick  
                                              Deputy Associate General Counsel  
                                              NATIONAL LABOR RELATIONS BOARD  
                                              1015 Half Street, SE  
                                              Washington, DC 20570  
                                              (202) 273-2960

Dated at Washington, DC  
this 4th day of April 2025

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| PG PUBLISHING CO., INC. d/b/a PITTSBURGH POST-GAZETTE | ) ) ) | Nos. 24-2788        24-3057 |
| Petitioner/Cross-Respondent | ) ) | |
| v. | ) ) | Board Case Nos. 06-CA-248017 06-CA-263791 |
| NATIONAL LABOR RELATIONS BOARD | ) ) | 06-CA-269346 |
| Respondent/Cross-Petitioner | ) ) | |
| and | ) ) | |
| NEWSPAPER GUILD OF PITTSBURGH/ CWA LOCAL 38061 | ) ) ) | |
| Intervenor | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. I certify that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Ruth E. Burdick  
Ruth E. Burdick  
Deputy Associate General Counsel  
NATIONAL LABOR RELATIONS BOARD  
1015 Half Street, SE  
Washington, DC 20570  
(202) 273-2960

Dated at Washington, DC  
this 4th day of April 2025