**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
Case No. 24-2788 and 24-3057

PG PUBLISHING CO., INC. d/b/a
PITTSBURGH POST-GAZETTE,

    Petitioner/Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD,

    Respondent/Cross-Petitioner,

and

NEWSPAPER GUILD OF
PITTSBURGH/CWA LOCAL 38061,

    Intervenor.

## INTERVENOR'S RESPONSE TO PG PUBLISHING CO.'S MOTION FOR CLARIFICATION OF ORDER GRANTING INJUNCTIVE RELIEF IN PART

PG Publishing Co., Inc., d/b/a Pittsburgh Post-Gazette ("Post-Gazette" or the "Company") has moved for clarification of this Court's March 24, 2025, Order granting in part, and denying in part, the National Labor Relations Board's request for National Labor Relations Act 10(e) injunctive relief. [ECF No. 59]. The Post-Gazette's Motion is a poorly disguised request to modify and evade the terms of this Court's Order. Intervenor Newspaper Guild of Pittsburgh/CWA Local 38061

1

("Union" or the "Guild") respectfully requests that the Post-Gazette Motion be denied as a bad-faith attempt modify the terms of the Order and to cause unnecessary delay that will result in further irreparable harm. The Union reserves the right to seek sanctions against the Post-Gazette for their refusal to comply with the plain meaning of the Order. *See* Fed. R. Civ. P. 11(b)(1).

The terms of the Order are clear: on the request of the Union, the Post-Gazette must reinstate the previous terms and conditions of employment related to health insurance. This includes returning to the same health care plan as negotiated in the expired 2014-2017 Collective Bargaining Agreement (JA0542). The Union has requested, via a letter sent to the bargaining representative of the Post-Gazette, that the Post-Gazette comply with the Order and reinstate the preexisting terms and conditions related to health insurance.[1]

There is no ambiguity in the Order. On July 26, 2020, the Post-Gazette provided its employees with health insurance through the Teamsters Welfare Fund as outlined in the expired CBA. id. On July 27, 2020, the Post-Gazette unilaterally imposed its own health insurance plan. An Order to rescind the unilateral changes to health insurance simply means returning to the health care terms and conditions of employment in existence before July 27, 2020. As the Post-Gazette's own reporting

---

[1] The Union expects the Company to continue to provide the current healthcare plan to those employees in the plan until the previous plan is reinstated.

describes, the Court's Order requires the Post-Gazette to "restor[e] insurance coverage that was in effect in 2020." (See Post-Gazette digital publication March 24, 2025 7:54 p.m.)

The Motion for Clarification suggests that rather than reinstating the previous terms and conditions, the Post-Gazette merely has to engage in "effects bargaining" over a replacement plan. This perverts the language of the Order. It is from this disfigurement that the Post-Gazette invents the lapse in coverage issue it describes in its Motion for Clarification. Contrary to the Post-Gazette's assertions, complying with the terms of the Order would not result in a lapse in coverage for any of the employees referred to in the Motion. The Order requires that the Post-Gazette provide coverage for its employees, under the terms that existed prior to the unilateral implementation of the current plan on July 27, 2020. Indeed in McClatchy Newspaper, Inc. d/b/a The Fresno Bee and Graphic Communications International, Local 404, AFL-CIO (339 NLRB No. 158) (2003), the Board set forth the long-accepted principles regarding unilateral changes.

> "The Respondent excepts to the requirement in the judge's order that the unilateral scheduling changes it made on May 17, 1999, be rescinded, pointing out that these changes merely reversed some of the changes it had made on March 1, 1999, which we have found unlawful. Because some of the Respondent's unilateral changes may be perceived as beneficial to employees, **we will order the recission of these changes only at the request of the Union (citing case) That is, the normal remedy for the unlawful changes of March 1 would be to restore the status quo ante, but to give the union the choice to**

**retain any changes deemed beneficial**. The Respondent could not avoid this remedy by engaging in its further unilateral conduct…." McClatchy Newspaper, Inc. d/b/a The Fresno Bee and Graphic Communications International, Local 404, AFL-CIO, 339 NLRB No. 158, 1216, n. 6. (Emphasis added)[2]

The suggestion that the Post-Gazette and the Guild need to engage in effects bargaining over the change to the health insurance plan is absurd. The unilateral change to the health insurance plan occurred in 2020. This Court's Order requires that change be undone, and the healthcare plan in effect prior to the illegally implemented healthcare be restored. Under the Post-Gazette's theory when considering the fact that the PG's initial healthcare proposal made in 2017 never changed in eight (8) years of bargaining suggests little hope a new healthcare agreement would be promptly agreed upon. Moreover, under the PG's theory when the union requests the illegally implemented healthcare be rescinded, the employees would be left without any healthcare pending a new agreement in "effects bargaining." Such conduct is nothing but a prescription to perpetuate the PG's delaying tactics which will cripple the union's bargaining position and be devastating to the employees. The PG's position is totally unacceptable and inconsistent with extant board precedent and this Court's order.

---

[2] See also Great Western Broadcasting Corporation d/b/a KXTV and San Francisco Local of the American Federation of Television and Radio Artists, AFL CIO, 139 NLRB 93

The Guild will, of course, continue to bargain towards a successor collective bargaining agreement, but there is no need for the parties to engage in effects bargaining over the Order to reinstate the health plan that the Company unilaterally eliminated.

                                Respectfully submitted,

                                */s/Joseph J. Pass*
Joseph J. Pass
J. Skye McCollum
Jubelirer, Pass & Intrieri, P.C.
219 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412)281-3850
jjp@jpilaw.com

Maneesh Sharma AFL-CIO
815 16th St. NW
Washington, D.C. 20006
(202)637-5336
msharma@aflcio.org

*Attorneys for Intervenor*

Date: April 4, 2025

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
Case No. 24-2788 and 24-3057**

PG PUBLISHING CO., INC. d/b/a
PITTSBURGH POST-GAZETTE,

      Petitioner/Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD,

      Respondent/Cross-Petitioner,

and

NEWSPAPER GUILD OF
PITTSBURGH/CWA LOCAL 38061,

      Intervenor.

**CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH
TYPE VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND
VIRUS CHECK**

I, Joseph J. Pass, counsel for Newspaper Guild of Pittsburgh/CWA Local 38061, certify, pursuant to Local Appellate Rule 28.3(d) that I am a member in good standing of the Bar of the Court of Appeals for the Third Circuit. I further certify pursuant to Fed. App. P. 32(g) that this document complies with the word limit of Fed. R. App. P. 27(d)(2) because the foregoing document contains 1,109 words (not counting portions excluded from the word count by Rule 32(f)), and this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)

and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document is proportionately spaced and has a typeface of 14-point Times New Roman. I further certify that no virus was detected on this file.

Date: April 4, 2025　　　　　　　　　　　*/s/ Joseph J. Pass*
　　　　　　　　　　　　　　　　　　　　　Joseph J. Pass, Esquire

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
Case No. 24-2788 and 24-3057**

PG PUBLISHING CO., INC. d/b/a
PITTSBURGH POST-GAZETTE,

        Petitioner/Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD,

        Respondent/Cross-Petitioner,

and

NEWSPAPER GUILD OF
PITTSBURGH/CWA LOCAL 38061,

        Intervenor.

**CERTIFICATE OF SERVICE**

I, Joseph J. Pass, counsel for Newspaper Guild of Pittsburgh/CWA Local 38061, certify that on April 4, 2025, I filed the foregoing Response to PG Publishing Co.'s Motion for Clarification via the Court's CM/ECF system, causing a Notice of Docket Activity and a copy of the filing to be served upon the following counsel of record who are registered CM/ECF users:

        Ruth E. Burdick
        David Seid
        Milakshmi V. Rajapakse
        Meredith Jason

National Labor Relations Board
1015 Half Street, SE
Washington, D.C. 20570
Ruth.burdick@nlrb.gov
David.seid@nlrb.gov
Milakshmi.rajapakse@nlrb.gov
Meredith.jason@nlrb.gov


Brian M. Hentosz
Morgan S. Dull
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
bhentosz@littler.com
mdull@littler.com

Pursuant to Local R. App. P. 27.2, no paper copies of this motion will be filed unless directed by the Clerk.

Date: April 4, 2025                                */s/Joseph J. Pass*
                                                   Joseph J. Pass, Esquire