

**Littler Mendelson P.C.**
One PPG Place
Suite 2400
Pittsburgh, PA  15222


Brian M. Hentosz
Morgan S. Dull
412.201.7676 direct
412.201.7600 main
412.291.1241 fax
bhentosz@littler.com
mdull@littler.com

April 10, 2025

**VIA E-FILE**

Clerk of Courts for the U.S. Court of Appeals, Third Circuit
U.S. Court of Appeals, Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *PG Publishing Co., Inc. d/b/a Pittsburgh Post-Gazette v. NLRB et al.*
      Case Nos. 24-2788 and 24-3057

## Addendum to Petition for Hearing En Banc

On April 7, 2025, the Petitioner/Cross-Respondent PG Publishing Co., Inc. d/b/a Pittsburgh Post-Gazette ("Post-Gazette" or the "Company") in the above-captioned matters filed a Petition for Rehearing *En Banc* of the motions panel's March 24, 2025 Order [ECF No. 57 ("Order")], concerning the National Labor Relations Board  request for National Labor Relations Act Section 10(e) injunctive relief.  In its filing, the Post-Gazette omitted the Order.  Please allow this submission and the attached Order to serve as an addendum to the Petition for Rehearing *En Banc*.

4919-4728-7092 / 105601.1009

Clerk of Courts for the U.S. Court of Appeals, Third Circuit
April 10, 2025
Page 2

Sincerely,

*/s/Brian M. Hentosz*
Brian M. Hentosz

*/s/Morgan S. Dull*
Morgan S. Dull

cc:　milakshmi.rajapakse@nlrb.gov; david.seid@nlrb.gov (Counsel for NLRB)
　　jsm@jpilaw.com; jjp@jpilaw.com; msharma@aflcio.org (Counsel for Intervenor)

Enclosure – ECF No. 57

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

DCO-045

No. 24-2788
No. 24-3057

PG PUBLISHING CO INC,
d/b/a Pittsburgh Post-Gazette,
              Petitioner in No. 24-788

v.

NATIONAL LABOR RELATIONS BOARD,
              Petitioner in No. 24-3057

NEWSPAPER GUILD OF PITTSBURGH/CWA LOCAL 38061,
Intervenor

(NLRB-1 Nos. 06-CA-248017, 263791, 269346)

Present: Phipps, Chung, and Smith, <u>Circuit Judges</u>

1. Motion of the National Labor Relations Board for Temporary Relief Under Section 10(e) of the National Labor Relations Act.

2. Response in Opposition to the Motion for Injunctive Relief;

3. Response on behalf of Intervenor to Motion for Temporary Relief;

4. Intervenor's Reply to Petitioner's Opposition to the National Labor Relations Board's Section 10(e) Request for Injunctive Relief;

5. Reply of the National Labor Relations Board in Support of it's Motion for Temporary Relief under Section 10(e) of the NLRA;

              Respectfully,
              Clerk/SB

_____ORDER_____

The foregoing Motion is GRANTED in part and DENIED in part. The requested immediate enforcement is GRANTED as to Sections 1(a), 2(a), 2(b), 2(c) in part, and 2(d) of the Board's Order of September 20, 2024. The Motion is otherwise DENIED.[1]

Accordingly, IT IS ORDERED THAT the Respondent, PG Publishing Co., Inc. d/b/a Pittsburgh Post-Gazette, and its officers, agents, successors, and assigns, are enjoined from:

> (a) Failing and refusing to bargain with the Newspaper Guild of Pittsburgh/CWA Local 38061 (the Union) as the exclusive collective-bargaining representative of the employees in the bargaining unit.

IT IS FURTHER ORDERED THAT the Respondent, PG Publishing Co., Inc. d/b/a Pittsburgh Post-Gazette, and its officers, agents, successors, and assigns, shall:

---

[1] Judge Phipps dissents from the grant of a Section 10(e) injunction enforcing portions of National Labor Relations Board's order against PG Publishing Co. One of the requirements for a Section 10(e) injunction is that the Board demonstrate an irreparable harm from the non-enforcement of its order. See 29 U.S.C. § 160(e) (explaining that the Court has "power to grant such temporary relief . . . as it deems just and proper" through its power "to make and enter a decree enforcing . . . the *order of the Board*" (emphasis added)); cf. Starbucks v. McKinney, 602 U.S. 339, 345 (2024) (explaining that a party must show that it "is likely to suffer irreparable harm in the absence of irreparable relief" to be entitled to such a grant (quoting Winter v. NRDC, 555 U.S. 7, 20 (2008))). By comparison, the proper mechanism for remedying irreparable harms before the issuance of a Board order is a Section 10(j) injunction. See 29 U.S.C. § 160(j); Starbucks, 602 U.S. at 345. It is therefore improper to issue a Section 10(e) injunction as a means of remedying irreparable harms that occurred before the Board issued its order. Here, however, none of the harms associated with the non-enforcement of the Board's order are irreparable. Cf. Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec., 108 F.4th 194, 201 (3d Cir. 2024) ("Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief." (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948.1 (3d ed. June 2024 update))), cert. denied sub nom. Gray v. Jennings, 2025 WL 76443 (U.S. Jan. 13, 2025). Even worse, the harms addressed by this Court's injunction were not proximately caused by PG Publishing Co.; rather, their immediate cause is the strike that the Union voted for by a narrow margin. Cf. Adams v. Freedom Forge Corp., 204 F.3d 475, n.13 (3d Cir. 2000) (explaining that a threat that is too attenuated to the alleged misconduct cannot be the basis for a finding of irreparable harm). Thus, in his view, the NLRB's request for a Section 10(e) injunction should be denied.

(a) On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

> All Editorial Department employees employed by Respondent at its facility currently located in Pittsburgh, Pennsylvania, excluding employees covered by other collective-bargaining agreements, all publishers and associate publishers, Publisher and Editor-in-Chief, Executive Editor, Editor of the Editorial Page, Managing Editor, Deputy Managing Editor, Senior Assistant Managing Editor, Assistant Managing Editor, City Editor, Sports Editor, Sunday Editor, Technology Systems Editor, Business Editor, Night Operations Manager, Seen Editor, Associate Editor of Opinion Pages, Editorial Cartoonist, Confidential Secretaries, professional employees, office clerical employees, guards, and supervisors as defined in the Act.

(b) Submit written bargaining progress reports every 30 days to the compliance officer for Region 6 of the National Labor Relations Board, and serve copies of the reports on the Union.

(c) On request by the Union, rescind the changes in the terms and conditions of employment related to health insurance for its unit employees that were unilaterally implemented on about July 27, 2020.

(d) Before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain with the Union as the exclusive collective-bargaining representative of employees in the bargaining unit described above.

By the Court,

s/ Cindy K. Chung  
Circuit Judge

Dated: March 24, 2025  
SB/cc: All counsel of record

A True Copy:

Patricia S. Dodszuweit, Clerk

3