## No. 24-2788 and 24-3057

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

PG PUBLISHING CO., INC. d/b/a PITTSBURGH POST-GAZETTE

*Petitioner,*

v.

NATIONAL LABOR RELATIONS BOARD,

*Respondent*,

and

NEWSPAPER GUILD OF PITTSBURGH/CWA LOCAL 38061

*Intervenor.*

Petition for Review of National Labor Relations Board Decision and Order

## PETITIONER'S MOTION TO EXPEDITE

Brian M. Hentosz (PA No. 317176)  
Morgan S. Dull (PA No. 322712)  
LITTLER MENDELSON, P.C.  
One PPG Place, Suite 2400  
Pittsburgh, PA 15222  
PH: 412-201-7676 / 7622  
FX: 412-291-1241  
bhentosz@littler.com  
mdull@littler.com  

Attorneys for Petitioner  
*PG Publishing, Inc. d/b/a Pittsburgh Post-Gazette*

## MOTION TO EXPEDITE

Petitioner Publishing Co., Inc. d/b/a Pittsburgh Post-Gazette ("Post-Gazette" or the "Company") moves pursuant to Local Appellate Rule 4.1 to expedite assignment of a merits panel and oral argument because the Company is subject to this Court's March 24, 2025 Order [ECF No. 57 ("Order")], which requires the Company to bargain with the Intervenor Newspaper Guild of Pittsburgh/CWA Local 38061 ("Guild") and:

> (c) On request by the Union, rescind the changes in the terms and conditions of employment related to health insurance for its unit employees that were unilaterally implemented on about July 27, 2020.
>
> (d) Before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain with the Union as the exclusive collective-bargaining representative of employees in the bargaining unit …

The Order will impact healthcare coverage for the Company's employees. Further, the Guild has refused to bargain over healthcare since the date of the Order and the National Labor Relations Board ("NLRB") has threatened to initiate contempt proceedings in this matter. Therefore, expediting the litigation is appropriate.

Briefing in this matter has already closed, and thus no change to any briefing schedule is necessary to expedite this matter. The Post-Gazette respectfully

requests this Court schedule the Petition for Review for oral argument as soon as practicable such that the Petition for Review and Cross-Petition for Enforcement can be decided expeditiously.[1]

Counsel for the Post-Gazette sent an email to counsel for the NLRB seeking its consent to this motion. In response, counsel indicated the NLRB had no objection to the motion.

                                          Respectfully submitted,

                                          */s/ Brian M. Hentosz*
                                          Brian M. Hentosz (PA No. 317176)
                                          Morgan S. Dull (PA No. 322712)
                                          LITTLER MENDELSON, P.C.
                                          One PPG Place, Suite 2400
                                          Pittsburgh, PA 15222
                                          PH: 412-201-7676 / 7657
                                          FX: 412-291-1241
                                          bhentosz@littler.com
                                          mdull@littler.com

                                          Attorneys for Petitioner
                                          *PG Publishing, Inc. d/b/a Pittsburgh*
Dated: June 2, 2025                          *Post-Gazette*

---

[1] The Post-Gazette recognizes that Local Appellate Rule 4.1 requires litigants to file a motion to expedite within 14 days of the opening of the case. Here, however, the basis for the need to expedite did not occur until the entry of the Order.

3

## CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK

I, Brian M. Hentosz, counsel for Petitioner PG Publishing Co, Inc. d/b/a Pittsburgh Post-Gazette, certify, pursuant to Local Appellate Rule 28.3(d) that I am a member in good standing of the Bar of the Court of Appeals for the Third Circuit. I further certify, pursuant to Federal Rules of Appellate Procedure 32(a)(5)-(7), and Local Appellate Rules 31.1(c) and 32.1(c), that the foregoing Petitioner's Motion to Expedite is proportionately spaced and has a typeface of 14-point Times New Roman, contains 305 words (not counting those portions excluded from the word count by Rule 32(a)(7)(B)(iii)), and that the text of the electronic brief is identical to the text of the paper copies. I further certify, pursuant to Local Appellate Rule 31.1(c), that Windows Defender has been run on this Brief before filing and that no virus was detected.

Dated: June 2, 2025

*/s/ Brian M. Hentosz*
Brian M. Hentosz (PA No. 317176)
Morgan S. Dull (PA No. 322712)

Attorneys for Petitioner,
*PG Publishing, Inc. d/b/a Pittsburgh Post-Gazette*

# CERTIFICATE OF SERVICE

I, Brian M. Hentosz, counsel for Petitioner Pittsburgh Post-Gazette, certify that on June 2, 2025, I filed the foregoing Petitioner's Motion to Expedite via the Court's CM/ECF system, causing a Notice of Docket Activity to be served upon the following counsel of record who are registered CM/ECF Filing Users:

| | |
|---|---|
| Joseph J. Pass<br>219 Fort Pitt Boulevard<br>Pittsburgh, PA 15222<br>jjp@jpilaw.com | Ruth E. Burdick<br>David Seid<br>Milakshmi V. Rajapakse<br>Meredith Jason<br>National Labor Relations Board<br>1015 Half Street, SE<br>Washington, DC 20570<br>ruth.burdick@nlrb.gov<br>david.seid@nlrb.gov<br>milakshmi.rajapakse@nlrb.gov<br>meredith.jason@nlrb.gov |

Dated: June 2, 2025

*/s/ Brian M. Hentosz*
Brian M. Hentosz
Morgan S. Dull
Attorneys for Petitioner,
*PG Publishing, Inc. d/b/a Pittsburgh Post-Gazette*