# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case No. 24-2788 and 24-3057

PG PUBLISHING CO., INC. d/b/a PITTSBURGH POST-GAZETTE,

    Petitioner/Cross-Respondent,

v.

NATIONAL LABOR RELATIONS BOARD,

    Respondent/Cross-Petitioner,

and

NEWSPAPER GUILD OF PITTSBURGH/CWA LOCAL 38061,

    Intervenor.

## INTERVENOR'S RESPONSE TO PG PUBLISHING CO.'S MOTION TO EXPEDITE

PG Publishing Co., Inc., d/b/a Pittsburgh Post-Gazette ("Post-Gazette" or the "Company") has moved to expedite assignment of a merits panel and oral argument. [ECF No. 71]. Intervenor Newspaper Guild of Pittsburgh/CWA Local 38061 ("Union" or the "Guild") has no objections to expediting the case so that the NLRB's Cross-Petition for Enforcement can be decided promptly. However, the reasoning given in the Post-Gazette's Motion is simply a thinly veiled attempt to evade contempt penalties, which the NLRB has indicated they intend to pursue, for

the Company's continued refusal to comply with the Court's March 24, 2025 Order granting in part, and denying in part, the National Labor Relations Board's request for National Labor Relations Act 10(e) injunctive relief.

Following the Post-Gazette's unsuccessful challenges to the preliminary March 24th Order via its Motion for Clarification and its Motion for Rehearing, the present Motion to Expedite is merely the latest in the Post-Gazette's increasingly desperate attempts to wriggle out of its duty to obey the Court's injunction. [ECF No. 59, 62]. In its Motion for Clarification, the Post-Gazette claimed it "will, of course, comply with the Court's Order." [ECF No. 59]. Despite this assertion to the Court, the Post-Gazette has wholly refused to comply with the Court's Order to, "on request of the Union, rescind the changes in the terms and conditions of employment related to health insurance for its unit employees that were unilaterally implemented on about July 27, 2020." [ECF No. 69]. Expediting the case does not allow the Post-Gazette to evade the Court's March 24th Order to reinstate the status quo of the pre-July 27, 2020 health insurance as contractually agreed to in the expired collective bargaining agreement.

Immediately following the Court's March 24th Order, the Union requested that the Post-Gazette rescind the unilaterally implemented health insurance plan and reinstate the pre-July 27, 2020 plan. The Employment Partners Benefit Fund agreed to reinstate the same health insurance plan as was in place under the status

quo of the expired collective bargaining agreement. The Guild, the Benefit Fund, and the NLRB have all continued to ask the Post-Gazette to provide the necessary enrollment paperwork in order to reinstate the health insurance as required by the Court. To this date, more than two months after the Court's March 24th Order, the Post-Gazette has refused to provide the necessary enrollment paperwork for the Benefit Fund to be able to reinstate the health insurance plan. The Post-Gazette refuses to even acknowledge that it is required to reinstate the health insurance as it existed under the status quo of the expired collective bargaining agreement, instead continuing to read into the March 24th Order merely as an obligation on the part of the Union to "bargain" over the change.

The Post-Gazette continues to insist that the Union has a duty to bargain over the Court's March 24th Order, despite this Court's denial of their Motion for Clarification on the very issue of "effects bargaining" over the reinstatement of the preexisting healthcare plan. [ECF No. 69, 71]. As discussed in the Guild's and NLRB's responses opposing the Post-Gazette's Motion for Clarification, there is no reason for effects bargaining. [ECF Nos. 60, 61, 67]. The Post-Gazette does not get to negotiate over the Court's Order, as it clearly requires them to reinstitute the plan that was in place under the expired collective bargaining agreement, which, in July 2020, the Company illegally and unilaterally changed to an entirely new plan. Nonetheless, in its Motion to Expedite, the Post-Gazette claims, without any basis,

that the Guild has refused to bargain over healthcare. In reality, the Guild and the Post-Gazette just met *today*, Thursday, June 5, 2025, to continue to bargain over all the terms and conditions of employment for a successor collective bargaining agreement. Any successor contract, as was the case with all previous contracts, will include an agreement over employee healthcare benefits.

Therefore, while the Guild does not oppose, and in fact agrees with, expediting assignment of a merits panel and oral argument in this case, the Guild is compelled to clarify that the Post-Gazette's misleading reasoning in its Motion to Expedite is simply an additional attempt to circumvent its duty to comply with this Court's injunction.

 

Respectfully submitted,

*/s/Joseph J. Pass*
Joseph J. Pass
jjp@jpilaw.com

J. Skye McCollum
jsm@jpilaw.com

Jubelirer, Pass & Intrieri, P.C.
219 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412)281-3850

*Attorneys for Intervenor*

Date: June 5, 2025

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
## Case No. 24-2788 and 24-3057

PG PUBLISHING CO., INC. d/b/a
PITTSBURGH POST-GAZETTE,

    Petitioner/Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD,

    Respondent/Cross-Petitioner,

and

NEWSPAPER GUILD OF
PITTSBURGH/CWA LOCAL 38061,

    Intervenor.

## CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK

    I, Joseph J. Pass, counsel for Newspaper Guild of Pittsburgh/CWA Local 38061, certify, pursuant to Local Appellate Rule 28.3(d) that I am a member in good standing of the Bar of the Court of Appeals for the Third Circuit. I further certify pursuant to Fed. App. P. 32(g) that this document complies with the word limit of Fed. R. App. P. 27(d)(2) because the foregoing document contains 709 words (not counting portions excluded from the word count by Rule 32(f)), and this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)

and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document is proportionately spaced and has a typeface of 14-point Times New Roman. I further certify that no virus was detected on this file.

Date: June 5, 2025　　　　　　　　　　　　_/s/ Joseph J. Pass_
　　　　　　　　　　　　　　　　　　　　　Joseph J. Pass, Esquire

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
Case No. 24-2788 and 24-3057

PG PUBLISHING CO., INC. d/b/a
PITTSBURGH POST-GAZETTE,

    Petitioner/Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD,

    Respondent/Cross-Petitioner,

and

NEWSPAPER GUILD OF
PITTSBURGH/CWA LOCAL 38061,

    Intervenor.

## CERTIFICATE OF SERVICE

I, Joseph J. Pass, counsel for Newspaper Guild of Pittsburgh/CWA Local 38061, certify that on June 5, 2025, I filed the foregoing Response to PG Publishing Co.'s Motion for Clarification via the Court's CM/ECF system, causing a Notice of Docket Activity and a copy of the filing to be served upon the following counsel of record who are registered CM/ECF users:

                Ruth E. Burdick
                David Seid
            Milakshmi V. Rajapakse
              Meredith Jason

National Labor Relations Board
1015 Half Street, SE
Washington, D.C. 20570
Ruth.burdick@nlrb.gov
David.seid@nlrb.gov
Milakshmi.rajapakse@nlrb.gov
Meredith.jason@nlrb.gov


Brian M. Hentosz
Morgan S. Dull
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
bhentosz@littler.com
mdull@littler.com


Pursuant to Local R. App. P. 27.2, no paper copies of this motion will be filed unless directed by the Clerk.

Date: June 5, 2025                                 */s/Joseph J. Pass*
                                                                Joseph J. Pass, Esquire