

United States Government

NATIONAL LABOR RELATIONS BOARD

OFFICE OF THE GENERAL COUNSEL

Washington, DC 20570

June 30, 2025

Patricia S. Dodszuweit
Clerk, United States Court of Appeals
  for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    *PG Publishing Co., Inc. d/b/a Pittsburgh Post-Gazette v. NLRB*,
            Case Nos. 24-2788/24-3057

Dear Ms. Dodszuweit,

      The D.C. Circuit recently confirmed in *District Hospital Partners L.P. v. NLRB* that the Board "may evaluate whether the nature and persistence of a package of bargaining demands reflect an absence of good-faith intent." 2025 WL 1775587, at *7 (D.C. Cir. June 27, 2025). Like the Board decision under review here (A.68), the court explained that a finding that an employer failed to bargain in good faith "may be warranted where the employer's proposals, taken as a whole, would leave employees with substantially fewer rights and less protection than they would enjoy under the Act in the absence of a contract." *Id.* (quotation omitted). The Court described the Board's finding of a bargaining violation under those circumstances as "supported by … well-settled law." *Id.*

      Also like here, the *District Hospital* employer violated the Act because the "cumulative effect" of its proposals "would strip the Union's representational role" by "effectively exclud[ing it] from meaningful participation in the bargaining

process." *Id.* The court explained that, "even if certain of the individual proposals could be advanced in good-faith," *id.*, the employer's "simultaneous insistence on these provisions, especially when maintained throughout the bargaining period, signals bad faith," including when made "without offering meaningful concessions," *id.* at *8, 10. Contrary to the Post-Gazette (Br. 28-29, 34), that finding holds even when the employer "made itself available to explain the proposal." *Id.* at *8. Like *District Hospital*'s focus on the "cumulative impact" of employer proposals, *id.* at *10, the Board here relied on the "combination" of the Post-Gazette's proposals (A.68), not on finding that any given one was per se bad faith.

As explained in the Board's brief (NLRB Br. 43), the Board's finding that the Post-Gazette failed to bargain in good faith was not based only on the Post-Gazette's proposals, but also on its premature declaration of impasse and unilateral imposition of new working conditions. Nonetheless, *District Hospital* confirms that the Post-Gazette errs in contending (Br. 22-34) that an employer's adherence to proposals that leave employees with fewer rights can never serve as the basis for finding bad-faith bargaining.

                                      Very truly yours,

                                      s/Ruth E. Burdick
                                      Ruth E. Burdick
                                      Deputy Associate General Counsel
                                      National Labor Relations Board
                                      1015 Half Street SE
                                      Washington, DC 20570

cc: all counsel (via CM/ECF)